IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD CHARLES WILSON,

                                                                                                   ORDER

                   Plaintiff,

                                                                                         11-cv-725-bbc

     v.

ALFONSO J. GRAHAM, DR. ASHLEY THOMPSON,
DR. THOMAS J. MICHLOWSKI, DR. LORI ADAMS,
DR. JASON KOCINA, DR. ALEXANDER STOLARSKI,
DR. KEVIN MCSORLEY and DR. CARLO GAANAN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action under 42 U.S.C. § 1983, plaintiff Donald Wilson, an inmate at the Wisconsin Resource Center, located in Winnebago, Wisconsin, contends that several doctors and administrators at the Wisconsin Department of Corrections have violated his constitutional rights. In an order dated December 2, 2011, I told plaintiff that his complaint violated Fed. R. Civ. P. 20 because he had asserted multiple claims that cannot be joined in one lawsuit. In particular, I explained that plaintiff's claims could be divided into the following four lawsuits:

     1.  In October 2009, defendants Thomas Bowd, David Schwarz and Mindy Sonnentag revoked plaintiff's parole based on false evidence and without

1

providing him with due process or a competency hearing even though they knew he suffered from a mental illness.

2. Since 2009 when plaintiff was taken into custody by the Wisconsin Department of Corrections, defendants Lori Adams, Ashley Thompson, Jason Kocina, Alexander Stolarski, Kevin McSorley and Thomas Michlowski, who are doctors employed by the Department, have failed to provide plaintiff adequate medical care for his Alzheimer's disease.

3. In March 2010, defendant Alfonso Graham violated plaintiff's due process rights during a parole hearing at which Graham denied plaintiff's request for parole.

4. In August 2011, defendant Dr. Carlon Gaanan failed to provide plaintiff treatment for dizziness, shortness of breath and other symptoms related to a thyroid problem.

I dismissed Lawsuit #1 because those claims cannot be raised in an action under 42 U.S.C. § 1983 unless plaintiff first prevails in a habeas corpus proceeding challenging the revocation proceedings. Heck v. Humphrey, 512 U.S. 477, 487 (1994). As for plaintiff's remaining claims, I told plaintiff to identify which lawsuit he wished to pursue under this case number and decide whether he wished to dismiss the other lawsuits at this time. Additionally, because it appeared from plaintiff's complaint that he did not exhaust his administrative remedies with respect to at least some of his claims, I directed plaintiff to explain whether he exhausted his administrative remedies for those claims he wished to pursue.

Plaintiff has responded, stating that he wishes to dismiss Lawsuit #3 because he did

not exhaust his administrative remedies with respect to his claim against defendant Graham. I will dismiss this claim without prejudice. Also, plaintiff states that he wishes to pursue Lawsuit #2 and Lawsuit #4 under this case number. He states that he filed inmate grievances regarding these claims but that he never received any responses to them.

As I explained in the previous order, plaintiff cannot proceed with Lawsuit #2 and Lawsuit #4 in the same lawsuit because Rule 20(a)(2) prohibits plaintiffs from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that both arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). In other words, the plaintiff may assert claims against more than one defendant if he asserts that all of the defendants were involved in the same alleged wrongdoing.

Lawsuit #2 includes claims against defendants Adams, Thompson, Kocina, Stolarski, McSorley and Michlowski for their failure to treat plaintiff's Alzheimer's disease. In contrast, Lawsuit #4 relates to defendant Gaanan's failure to provide plaintiff treatment for dizziness, shortness of breath and other symptoms related to a thyroid problem. Plaintiff's complaint contains no allegations suggesting that Gaanan was involved in treating or failing to treat plaintiff's Alzheimer's disease. Thus, the claims in these two lawsuits do not arise

3

out of the same series of transactions or occurrences and do not present questions of law or fact common to all defendants.

Plaintiff must submit a response clarifying whether he wishes to pursue Lawsuit #2 or Lawsuit #4. If plaintiff wishes to pursue both lawsuits, he should identify which lawsuit he wishes to pursue under this case number. The other lawsuit will be assigned a separate case number. If plaintiff decides to pursue both lawsuits, he should know that he will be required to pay an initial partial filing fee for the second lawsuit and will be obligated to pay the $350 filing fee for the additional lawsuit at some point. If plaintiff decides to dismiss one of the lawsuits voluntarily at this stage, his claims would be dismissed without prejudice, allowing plaintiff to bring them at another time. He would be obligated to pay only the $350 filing fee for this case.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims raised in the lawsuits identified above. Once plaintiff identifies the suit or suits he wants to continue to litigate, if any, I will screen the individual actions that remain as required under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that

1. Plaintiff Donald Charles Wilson's claim that defendants Alfonso Graham violated plaintiff's due process rights during a parole hearing is DISMISSED without prejudice.

2. Defendant Alfonso Graham is DISMISSED from this case.

3. Plaintiff may have until January 20, 2012 to notify the court whether he would like to pursue Lawsuit #2 or Lawsuit #4 under the number assigned to this case and whether he will prosecute the remaining lawsuit or withdraw it voluntarily.

4. If, by January 20, 2012, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists for plaintiff's failure to prosecute.

Entered this 9th day of January, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5