IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD CHARLES WILSON,

        Plaintiff,

v.

DR. ASHLEY THOMPSON, DR. THOMAS J.
MICHLOWSKI, DR. JASON KOCINA, DR.
ALEXANDER STOLARSKI and DR. KEVIN
MCSORLEY,

        Defendants.

ORDER

11-cv-725-bbc

---

DONALD CHARLES WILSON,

        Plaintiff,

v.

DR. CARLO GAANAN,

        Defendant.

ORDER

12-cv-114-bbc

---

In these two cases, plaintiff Donald Wilson has been allowed to proceed *in forma pauperis* on claims that defendants violated his Eighth Amendment rights by failing to adequately treat a thyroid condition and Alzheimer's disease. The court has previous denied plaintiff's motions for appointment of counsel in these cases, but as the cases have progressed, it has become apparent that counsel may be necessary. I terminated the April 24, 2012 telephonic preliminary pretrial conference in case no. 11-cv-725-bbc because plaintiff was unable to communicate effectively with the court. I directed the state to check with plaintiff's mental health care providers to see if they had any reason to believe that plaintiff was presenting himself to the court as incompetent for tactical reasons. Dkt. 23. I concluded that absent genuine doubt on this issue, the court would stay that case in order to find counsel to represent plaintiff. *Id.*

The assistant attorney general has responded, indicating that it has somewhat limited information because plaintiff has not returned an authorization to release medical information,

but stating that DOC medical personnel believe plaintiff "presents with a high index of suspicion of exaggeration or outright fabrication of symptoms." Dkt. 24. It may well be that plaintiff's medical records will not provide more guidance than this statement, but I see little reason to appoint counsel for plaintiff in these cases for medical reasons without making deeper inquiry into this issue. Accordingly, I will give plaintiff a short time to sign an authorization form regarding his mental health issues, and to submit any medical records he believes shows that he cannot litigate this case himself. Defendants will have a chance to respond with medical records following plaintiff's authorization.

Plaintiff is not *required* to release his medical/mental health records if he wishes to keep them confidential, but this choice would have consequences in these lawsuits. If plaintiff chooses not to authorize release of his mental health records, the court will consider declining to appoint counsel, as well as dismissing case no. 11-cv-725-bbc because defendants will not be able to defend this case without access to this medical information.

## ORDER

IT IS ORDERED that plaintiff may have until June 5, 2012 to provide authorization for the release of his mental health records and to submit to the court records supporting his claim that he cannot litigate this case himself. Defendants may have until June 12, 2012 to file a response.

Entered this 24th day of May, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge