IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD CHARLES WILSON,

                  Plaintiff,                    ORDER

v.

                                              11-cv-725-bbc

DR. ASHLEY THOMPSON,
DR. THOMAS J. MICHLOWSKI,
DR. JASON KOCINA,
DR. ALEXANDER STOLARSKI and
DR. KEVIN MCSORLEY,

                  Defendants.

---

DONALD CHARLES WILSON,

                                    ORDER

                  Plaintiff,

v.                                           12-cv-114-bbc

DR. CARLO GAANAN,

                  Defendant.

---

In these two cases, plaintiff Donald Wilson has been allowed to proceed *in forma pauperis* on claims that defendants violated his Eighth Amendment rights by failing to adequately treat a thyroid condition and Alzheimer's disease. The court previously denied plaintiff's motions for appointment of counsel, but as the cases have progressed, it became apparent that counsel might be necessary. I terminated the April 24, 2012 telephonic preliminary pretrial conference in case no. 11-cv-725-bbc because plaintiff was unable to communicate effectively with the court. I directed the state to check with plaintiff's mental health care providers to see if they had any reason to believe that plaintiff was presenting himself to the court as incompetent for tactical reasons. Dkt. 23. I concluded that absent genuine doubt on this issue, the court would stay that case in order to find counsel to represent plaintiff. *Id.*

The assistant attorney general responded, indicating that it has somewhat limited information because plaintiff had not returned an authorization to release medical information, but stating that DOC medical personnel believed plaintiff "presents with a high index of suspicion of exaggeration or outright fabrication of symptoms." Dkt. 24. In a May 25, 2012 order, I gave plaintiff a short time to sign an authorization form regarding his mental health issues and to submit any medical records showing that he cannot litigate this case himself. Defendants were given a chance to respond with medical records following plaintiff's authorization.

Now the parties have responded to the May 25 order, but the parties' submissions are less than conclusive. Plaintiff submits several health service requests, none of which appear to have anything to do with his Alzheimer's disease. Defendants provide a handful of records suggesting that plaintiff is refusing to be treated, but acknowledge that medical staff "cannot say definitively whether [plaintiff] is malingering the symptoms of dementia or not."

Even after another round of clarification, it is unclear whether plaintiff truly needs counsel. This issue becomes more intractable given that the question of the severity of plaintiff's mental health issues is intertwined with the underlying claims about whether he has been properly treated. At this point, I conclude that the prudent thing to do in the face of this uncertainty is to appoint counsel for plaintiff. Accordingly, I will stay proceedings in these cases while taking steps to locate a lawyer who is willing to represent plaintiff. This might take a while, so plaintiff should be patient. Given the limited number of lawyers willing to take on such appointments, it is the court's policy to limit appointment of counsel for an individual plaintiff to one case at a time. However, in this instance, because both of plaintiff's cases appear to involve ongoing denial of important medical treatment, the court will make every effort to find counsel to take on both cases.

A lawyer accepting appointment in cases like these takes it with no guarantee of compensation for his or her work. Plaintiff should be aware that in any case in which a party is represented by a lawyer, the court communicates only with the lawyer. Thus, once counsel is appointed, the court no longer will communicate with plaintiff directly about this case. Plaintiff will have to communicate directly with his lawyer about any concerns and allow the lawyer to exercise his or her professional judgment to determine which matters to bring to the court's attention and what motions and other documents are appropriate to file. Plaintiff will not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept his lawyer's strategic decisions even if he disagrees with some of them, and he should understand that it is unlikely that this court will appoint another lawyer to represent him should plaintiff choose not to work cooperatively with the first appointed lawyer.

ORDER

IT IS ORDERED that further proceedings in the above-captioned cases are STAYED pending appointment of counsel for plaintiff. Once the court finds counsel willing to represent plaintiff, the court will advise the parties and hold a status and scheduling conference in each case.

Entered this 8th day of August, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge